IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MELINDA DAUBENSCHMIDT,**

       **Plaintiff,**

v.                           No. CIV-12-1222 JCH/LAM

**CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,**

       **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION GRANTING PLAINTIFF'S MOTION FOR SECTION 406(b)(1) FEES[1]

**THIS MATTER** is before the Court on Plaintiff's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406([b]) and Supporting Memorandum (Doc. 29)*, filed July 24, 2015. Defendant filed *Defendant's Response to Plaintiff's Motion for an Order Authorizing Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 30)* on July 27, 2015, stating that "[t]he Commissioner declines to assert a position on the reasonableness or timeliness of Plaintiff's request, as she is not the true party in interest." [*Doc. 30* at 1]. Plaintiff filed a *Notice of Completion of Briefing (Doc. 31)* on July 30, 2015. Having considered the motion, response, relevant law, the record in this case, and being otherwise fully advised, the Court recommends that the motion be **GRANTED**.

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

On November 22, 2013, the Court granted the parties' *Agreed Motion to Reverse and Remand for further Administrative Proceedings (Doc. 23)*, remanded this case to the Commissioner for further proceedings, and entered a final judgment. [*Docs. 24* and *25*]. On January 17, 2014, the Court granted Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (hereinafter, "EAJA"), in the amount of $5,562.12 for attorney's fees and $350.00 in costs. [*Doc. 28*]. Plaintiff received a favorable decision from the Social Security Administration (hereinafter, "SSA") on December 23, 2014. [*Doc. 29-1* at 1]. The "Notice of Award," issued May 2, 2015, states that Plaintiff will be paid disability benefits from March 2008 forward. *Id.* at 12. The SSA withheld $25,277.25, representing 25% from Plaintiff's past due benefits, to pay Plaintiff's counsel. *Id.* at 13. Plaintiff's counsel has been paid $6,000.00 of the withheld amount pursuant to 42 U.S.C. § 406(a). *See* [*Doc. 29* at 4] and [*Doc. 30* at 4]. Pursuant to 42 U.S.C. § 406(b), Plaintiff's counsel requests additional attorney's fees in the amount of $19,277.25. [*Doc. 29* at 1]. Defendant states in response that "the Commissioner declines to assert a position on the reasonableness or timeliness of Plaintiff's request, as [the Commissioner] is not the true party in interest." [*Doc. 30* a*t 1*]. Defendant further states that "[t]he district court is obligated to act as an 'independent check' on § 406(b) requests to assure that they satisfy the statutory requirement of yielding a 'reasonable' result in particular cases." *Id.* (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)).

Plaintiff's counsel is entitled to an award of attorney's fees pursuant to 42 U.S.C. § 406(b) even though Plaintiff's past-due benefits were obtained following remand. *See McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006) ("[W]hen the court remands a Title II Social Security disability case for further proceedings and the Commissioner ultimately determines that the

2

claimant is entitled to an award of past-due benefits[,] [w]e conclude that § 406(b)(1) does permit an award of counsel fees under these circumstances[.]"). The Court must ensure that the attorney's fees awarded to Plaintiff's counsel pursuant to 42 U.S.C. § 406(b)(1) are reasonable. *See Wrenn v. Astrue*, 525 F.3d 931, 938 (10th Cir. 2008). Additionally, an attorney's fee award under Section 406(b) for court representation may not exceed twenty five percent of the past-due benefits awarded to Plaintiff, payable "out of, and not in addition to, the amount of such past-due benefits." *See* 42 U.S.C. § 406(b)(1)(A).

    Here, the parties state that the amount of the fee award sought by Plaintiff's counsel under Section 406(b), *i.e.*, $19,277.25, does not exceed twenty-five percent of the past-due benefits awarded to Plaintiff. *See* [*Doc. 29* at 4-5] and [*Doc. 30* at 5]. The record indicates that Plaintiff's counsel provided quality representation to Plaintiff and was not responsible for any delay in the resolution of this matter, and that Plaintiff's counsel expended at least 29.92 hours representing Plaintiff before this Court. *See* [*Doc. 29-2* at 2-3]. The record further indicates that Plaintiff and her counsel entered into a contingent fee agreement which provided that the attorney's fees for Plaintiff's counsel would be twenty-five percent (25%) of any past-due benefits awarded either by the Court or by the SSA following remand by the Court. *Id.* at 5. The Court finds that the amount of past-due benefits awarded to Plaintiff was not so large in comparison to the time expended by his counsel as to require a further reduction of fees. *See Gisbrecht*, 535 U.S. at 808 (explaining that the court should consider whether "the benefits are large in comparison to the amount of time counsel spent on the case"). In addition, the Court finds that there has been no undue delay in the filing of this motion for Section 406(b)(1) fees and it was filed within a reasonable time after the Commissioner's decision awarding past-due benefits. *See McGraw*, 450 F.3d at 505 ("A motion for award of fees under § 406(b)(1) should be filed within a reasonable

time of the Commissioner's decision awarding benefits.") (citation omitted). The Commissioner's decision awarding past-due benefits was issued May 2, 2015, and this motion was filed July 24, 2015, which the Court finds reasonable. *See id.* (stating that decisions on motions for Section 406(b) fees "are committed to the district court's sound discretion") (citation omitted); *see also Early v. Astrue,* No. 07-6294, 295 Fed. Appx. 916, 918-19, 2008 WL 4492602 (10th Cir. Oct. 8, 2008) (unpublished) (upholding the district court's decision that a fiftenn-month delay in filing a motion for Section 406(b) fees after the Commissioner's decision awarding past-due benefits was unreasonable). Finally, the Court finds that the attorney's fees in the amount of $19,277.25 requested by Plaintiff's counsel pursuant to 42 U.S.C. § 406(b) are reasonable. Because the amount of the attorney's fees awarded Plaintiff pursuant to the EAJA, *i.e.* , $5,562.12, was smaller than the amount of the attorney's fees to be awarded Plaintiff's counsel pursuant to 42 U.S.C. § 406(b), *i.e.*, $19,277.25, the amount of the EAJA fees must be refunded to Plaintiff. *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'").

**IT IS THEREFORE RECOMMENDED** that Plaintiff's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(B) and Supporting Memorandum (Doc. 29)* be **GRANTED** and Plaintiff's counsel be awarded attorney's fees in this matter in the amount of **$19,277.25** pursuant to 42 U.S.C. § 406(b).

**IT IS FURTHER RECOMMENDED** that, upon payment of the Section 406(b) fee, Plaintiff's counsel shall promptly refund to Plaintiff the attorney's fees previously awarded in this matter pursuant to the EAJA in the amount of **$5,562.12**.

5

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**